# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 26, 2021

| | |
|---|---|
| * * * * * * * * * * * * * | |
| JEFFREY JARVIS *and* JESSICA TOMEI *on behalf of their minor daughter* SCGJ, | * <br> * <br> * <br> * |
| Petitioners, | *    UNPUBLISHED <br> * <br> *    No. 15-1176V <br> *    Special Master Gowen |
| v. | * <br> *    Attorneys' Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * <br> * <br> * |
| Respondent. | * |
| * * * * * * * * * * * * * | |

Michael A. Firestone, Marvin Firestone, MD, JD and Associates, San Mateo, CA, for Petitioners.
Ronalda E. Kosh, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 5, 2020, Jeffrey Jarvis and Jessica Tomei ("Petitioners") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 82). For the reasons discussed below, I **GRANT** Petitioners' motion for attorneys' fees and costs and award a total of **$56,618.08**.

I.  **Procedural History**

On October 9, 2015, Petitioners filed a petition in the National Vaccine Injury Compensation Program on behalf of their minor daughter, S.C.G.J.[2] Petitioners alleged that as a

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

result of S.C.G.J. receiving the hepatitis A vaccine and/or the influenza vaccine on August 31, 2012, she suffered transverse myelitis. *See* Petition (ECF No. 1). On April 8, 2020, Petitioners filed an unopposed motion for a decision dismissing their petition, and on the same day I issued my decision dismissing the petition for insufficient proof. (ECF No. 77).

On November 5, 2020, Petitioners filed a motion for final attorneys' fees and costs. Petitioners request compensation for their counsel in the total amount of $53,218.08, representing $33,678.08 in attorneys' fees and $19,540.00 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioners warrant they have personally incurred costs of $3,400.00 in pursuit of their claim. *Id.* Respondent reacted to the fees motion on November 19, 2020, stating that "If the Special Master is satisfied that this case was filed and proceeded with a reasonable basis, and the Special Master further decides to exercise his discretion to award fees and costs in this uncompensated case, then the Federal Circuit has made it clear that the determination of the amount of reasonable attorneys' fees is within the special master's discretion." Response at 3 (ECF No. 83). Petitioners did not file a reply thereafter.

The matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, although the petition was eventually dismissed, I find that the petition was filed in a good faith belief that S.C.G.J.'s injuries were caused by her vaccinations, and the matter had a reasonable basis to proceed for as long as it did. This case involved the severe paralysis of the child left arm after receipt of the Hepatitis A and Flu vaccines. She was initially diagnosed with longitudinally extensive transverse myelitis, a condition that is thought to be autoimmune and has been compensated in the program. Eventually, after extensive sophisticated diagnostic and treatment workups which initially had maintained the diagnosis of transverse myelitis, a newly recognized diagnosis of Acute Flaccid Myelitis was reached. This condition was recognized by the medical profession for the first time in approximately the time frame in which S.C.G.J. was stricken. The cause of the condition has not been definitively determined although a CDC committee studying it favors an infectious cause over an autoimmune one at the present time. Given the recent development of this diagnosis and its similarity in many respects to transverse myelitis, I have concluded that this case had a reasonable basis, and that when, through the development of sophisticated expert opinions it appeared that the evolving medical thought on the condition did not favor causation, Petitioners agreed to voluntarily dismiss the claim. Accordingly, Petitioners are entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed.

Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Attorneys' Fees

I have reviewed the rates requested by Petitioners for the work of their counsel, Mr. Michael Firestone and Mr. Marvin Firestone. The rates requested are consistent with what counsel have previously been awarded for their vaccine program work, and I find them to be reasonable for work performed in the instant case.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioners are entitled to final attorneys' fees of $33,678.08.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request total attorneys' costs in the amount of $19,540.00. This amount is comprised of acquiring medical records, postage, photocopies, and work performed by petitioners' medical expert Dr. Lawrence Steinman. Fees App. at 1. Petitioners have provided adequate documentation supporting these costs and all appear to be reasonable in the undersigned's experience. Petitioners are therefore awarded the full amount of costs sought.

### c. Petitioners' Costs

Pursuant to General Order No. 9, Petitioners warrant that they have personally incurred costs of $3,400.00, comprised of the Court's filing fee and a retainer for a medical expert. Fees App. at 46. I find these costs to be reasonable and they shall be awarded in full.

## III. Conclusion

In accordance with the foregoing, Petitioners' motion for attorneys' fees and costs is **GRANTED**. I find that Petitioners are entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $33,678.08 |
|---|---|
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$33,678.08** |
| | |
| Attorneys' Costs Requested | $19,540.00 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$19,540.00** |
| | |

| Total Attorneys' Fees and Costs | $53,218.08 |
|---|---|
|  |  |
| Petitioners' Costs | $3,400.00 |
|  |  |
| Total Amount Awarded | $56,618.08 |

**Accordingly, I award the following:**

1) **a lump sum in the amount of $53,218.08, representing reimbursement for Petitioners' attorneys' fees and costs, in the form of a check payable to Petitioners and their attorney, Mr. Michael Firestone[3]; and**

2) **a lump sum in the amount of $3,400.00, representing reimbursement for Petitioners' costs, in the form of a check payable to Petitioners.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).